P. Kristofer Strojnik, SBN 242728
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>WS 453 SIXTH OWNER LLC, a Delaware limited liability company,<br><br>Defendant. | Case No: '24CV1670 L    DEB<br><br>**VERIFIED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff alleges:

**PARTIES**

1.  Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2.  Defendant, WS 453 Sixth Owner LLC, owns and/or operates and does business as the hotel Courtyard San Diego Gaslamp/Convention Center located at 453 Sixth Avenue, San Diego, California 92101. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging

services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

## JURISDICTION

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6. Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

## ALLEGATIONS

7. Plaintiff alleges that Defendant's hotel does not have a compliant access aisle at the passenger loading zone adjacent to the hotel lobby in violation of Sections 209 and 503 of the 2010 Standards. An access aisle has specific requirements to be compliant with the Standards: It must be (1) 60 inches wide and at least 20 feet long, (2) it must have an accessible route adjoining it, and (3) it cannot be within a vehicular way. Section 503.3.

8. She further alleges that Defendant's hotel does not comply with Section 209.4 of the 2010 Standards.

9. The requirement for an access aisle at a passenger loading zone is immensely important for a person in a wheelchair such as Plaintiff, as it provides safe access to the entry of the hotel and deters others from placing encumbrances or obstacles there such as a vehicle parking. An access aisle is akin to a cross-walk for pedestrians. Absence of an access aisle where required creates dangerous conditions for a person in a wheelchair such as Plaintiff.

2

1    10.    Plaintiff formerly worked in the hospitality industry. She is an avid
2 traveler across California for purposes of leisure travel and to "test" whether various
3 hotels comply with disability access laws, doing so at least once per month. Testing is
4 encouraged by the Ninth Circuit.
5    11.    In late August 2024, Plaintiff personally visited Defendant's hotel, which
6 has a passenger loading zone. Defendant's hotel has a passenger loading zone because
7 pickup and dropoff occurs there and it is located directly outside of the lobby entrance.
8 There are also design features showing an intent for utilization as a passenger loading
9 zone. According to the U.S. Access Board Technical Guidelines on Passenger Loading
10 Zones, "many hotel entrances" have the design features indicating an intent to utilize as
11 PLZs.
12    12.    While at Defendant's hotel, she discovered that Defendant's hotel has a
13 barrier to entry to the lobby, which is that the passenger loading zone does not have an
14 access aisle compliant with Section 503.3. It is an absolute requirement to have an
15 access aisle at a passenger loading zone pursuant to Sections 209 and 503. The
16 requirement of an access aisle at a passenger loading zone relates to Plaintiff's
17 disability of not having one leg and being forced to use a wheelchair because access
18 aisles are required so persons in a wheelchair can maneuver without threat of danger
19 from other vehicles and without other encumbrances obstructing their pathway. The
20 lobby, therefore, is inaccessible to Plaintiff by way of the passenger loading zone
21 because there is no access aisle.
22    13.    Additionally, Defendant's hotel provides for valet parking. Section 209.4
23 of the Standards requires a mandatory passenger loading zone and access aisle where
24 valet parking services are provided, but Defendant does not provide for an access aisle
25 as indicated above. Accordingly, Defendant also violates Section 209.4 because it
26 provides for valet but does not provide for an access aisle.
27
28

1    14.    Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel (no access aisle at passenger loading zone), and as a result, she was deterred from entering the hotel both from the barrier and due to the lack of equality.

15.    Plaintiff has certain plans of returning and staying at the Hotel in February 2025 during one of her many trips across California, in the hopes that Defendant will have remediated the barrier by then.

16.    It is readily achievable and inexpensive to modify the hotel to provide an access aisle, which involves painting and measuring tools.

17.    Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

### FIRST CAUSE OF ACTION

18.    Plaintiff incorporates all allegations heretofore set forth.

19.    Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

20.    Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

21.    In violation of the 2010 Standards, Defendant's hotel passenger loading zone does not have a disability access aisle compliant with Section 503.3 of the Standards.

22.    Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable

means that providing access is easily accomplishable without significant difficulty or expense.

23. Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

24. Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its passenger loading zone be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

   a. DECLARATORY Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

   b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

   c. Payment of costs and attorney's fees;

   d. Provision of whatever other relief the Court deems just, equitable and appropriate.

### SECOND CAUSE OF ACTION

25. Plaintiff incorporates all allegations heretofore set forth.

26. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

27. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the

2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

28. In violation of the 2010 Standards, Defendant's hotel valet parking area does not have a disability access aisle compliant with Section 209.4 of the Standards.

29. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

30. Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

31. Without the requested injunctive relief, Defendant's non-compliance with the ADA's requirements that its valet parking area be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its valet parking area into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

### THIRD CAUSE OF ACTION

32. Plaintiff realleges all allegations heretofore set forth.

33. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

34. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

35. Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

36. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

37. Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA;

c. Payment of costs and attorney's fees;

d. Damages in the amount of $8,000.00; and

e. Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 19th day of September, 2024.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 19th day of September, 2024.

_____
Theresa Marie Brooke